JOHNSON, Judge.
In this appeal from a judgment entered after a jury verdict in favor of the defendant-appellee, we think the only points raised by the appellants which warrant consideration by us on this case are: (1) Did the trial court err in failing to charge the jury as to the Doctrine of Res Ipsa Loquitur, and (2) Did the charge relating to “The Act of God” properly instruct the jury as to the law?
We find that of the three elements of the doctrine of res ipsa loquitur contended by the appellants, the first two are present in this case, but not the third. It is revealed by the testimony, even from appellants’ own witness, that lightning had struck the cross-member of the appellee’s power line, shattering it and as a result the power line had sagged close to the ground. There was no conflict in the fact that the live power line sagging resulted in the death of a goodly number of appellants’ milk cows.
The trial court announced to counsel that the court would not give the res ipsa loquitur charge. Under the facts of this case, we agree with the trial court. There is no evidence of negligence, but if there had been, it was a jury question, and the court so charged the jury and the jury did not find negligence.
The trial court correctly instructed the jury as to what constituted “an Act of God” which would release the defendant from liability. Whether or not the evidence adduced by either party was sufficient to sustain the contention that the damages resulted from an Act of God was a jury question. We will not attempt to substitute our judgment for that of the jury.
The judgment is therefore affirmed.
WIGGINTON, Acting C. J. (Retired), and SPECTOR, J., concur.